```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| TRACY KOPECKI, | § | |
| | § | |
| Plaintiff, | § | Civil Action |
| | § | No. C-06-513 |
| v. | § | |
| | § | |
| THE CITY OF CORPUS CHRISTI, et al., | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

On this day the Court held an initial pretrial and scheduling conference in the above-styled action.  At that conference, the Court ORDERED as follows:

1.  The unopposed motion for summary judgment of Police Chief Bryan Smith and City Mayor Henry Garrett (D.E. 9) is hereby GRANTED, and Police Chief Smith and Mayor Garrett are hereby DISMISSED from this lawsuit, in both their individual and official capacities.

2.  This Court GRANTS Crowne Solutions, LLP's ("Crowne Solutions") motion to dismiss for Plaintiff Tracy Kopecki's failure to state a claim (D.E. 15).  Crowne Solutions is hereby DISMISSED from this lawsuit.

3.  This Court GRANTS The Owners Association of Villa del Sol, Inc.'s ("Villa del Sol") motion to dismiss for Plaintiff Tracy Kopecki's failure to state a claim (D.E. 18).  Villa del Sol

is hereby DISMISSED from this lawsuit.  Villa del Sol's motion to dismiss, or in the alternative, motion for partial summary judgment on statute of limitations grounds (D.E. 19, 21) is hereby MOOT, as Villa del Sol has been DISMISSED from this lawsuit for Plaintiff's failure to state a claim.

4. Plaintiff's Texas state law cause of action for malicious prosecution is hereby DISMISSED as time-barred by the applicable statute of limitations.  The statute of limitations for state law malicious prosecution is one year.  <u>See</u> Tex. Civ. Prac. & Rem. Code 16.002 ("[a] person must bring suit for malicious prosecution ... not later than one year after the day the cause of action accrues").  For statute of limitations purposes, a malicious prosecution claim accrues upon termination of the criminal proceedings brought against the plaintiff.  <u>See</u> <u>Leal v. Am. Nat'l Ins. Co.</u>, 928 S.W.2d 592, 596 (Tex. App.--Corpus Christi 1996).  As per Plaintiff's representation at the initial pretrial and scheduling conference, all charges brought against Plaintiff were dropped as of October 1, 2004.  Accordingly, the limitations period on Plaintiff's state law malicious prosecution claim expired at the latest on October 1, 2005.  Plaintiff did not file her Original Petition in State Court until September 5, 2006.  Accordingly, Plaintiff's state law malicious prosecution claim is unequivocally time-barred.  Plaintiff does not oppose this

   Court's DISMISSAL of Plaintiff's state-law malicious prosecution claim as barred by the applicable statute of limitations.

5.  The Court hereby DISMISSES the Corpus Christi Police Department as a Defendant in this case, as Plaintiff cannot sue the Corpus Christi Police Department as a separate entity from the City itself.[1] See Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991).

6.  This Court hereby DISMISSES Officer Roland from this lawsuit, without prejudice, as he is named only in the caption of Plaintiff's First Amended Original Petition, but he is not listed in the body of the pleading as a party to the lawsuit, nor is he referenced at all in the text of the document.[2] See, e.g., Combs v. City of Dallas, 2006 WL 3635357, *5 (N.D. Tex. 2006) ("The mere fact that a person is named as a defendant in the caption of a complaint is insufficient to state a claim upon which relief may be granted."); Kamali v. Quinn, 2006 WL 3759854, *3 (N.D. Tex. 2006)("Though Quinn is named as a Defendant in the caption of Plaintiffs' First Amended Original Petition, that is the only place where her name appears ... [and] the Court finds that she should be

---

[1] The Court notes that neither the City of Corpus Christi nor the Corpus Christi Police Department have been served.

[2] The Court also notes that Officer Roland has not been served in this case.

dismissed from this suit."); <u>Oscar Private Equity Investments v. Allegiance Telecom, Inc.</u>, 2004 WL 524943, *1 (N.D. Tex. 2004) ("Although named in the caption of the case, Allegiance Telecom, Inc., is not named as a party in the Complaint. Therefore, Holland and Lord are presently the only Defendants.").

7. The following claims remain pending in this case: (1) Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983) for excessive force, illegal search and seizure and malicious prosecution against Officer Tamez and Officer Bowers, only in their individual capacities[3]; and (2) Plaintiff's Texas state law claims for intentional infliction of emotional distress, false arrest/false imprisonment, and assault and battery against Officer Tamez and Officer Bowers, in their individual capacities, and against Matthew Decker.[4]

8. All pending motions in this case have been disposed of with one exception: Officer Tamez and Officer Bowers' motion to dismiss, alternatively, motion for partial summary judgment (D.E. 8), filed on December 18, 2006.  The deadline for

---

[3]The Court ORDERED at the initial pretrial and scheduling conference that Officer Tamez and Officer Bowers are Defendants in this case <u>only</u> in their individual capacities, not in their official capacities.

[4]The Court notes that the City of Corpus Christi may or may not be a party to this case.  The City has been named as a Defendant in Plaintiff's First Amended Original Petition, however, the City still has not been served in this case.

Plaintiff to respond to Officer Tamez and Officer Bowers' motion is January 8, 2007.

SIGNED and ENTERED this 8th day of January, 2007.

_____
Janis Graham Jack
United States District Judge