IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRACY KOPECKI, | § | |
| | § | |
| Plaintiff, | § | Civil Action |
| | § | No. C-06-513 |
| v. | § | |
| | § | |
| THE CITY OF CORPUS CHRISTI, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

On this day came on to be considered the motion to dismiss, and in the alternative, motion for partial summary judgment, of Officer Ray Tamez and Officer Hollis Bowers (D.E. 8).  For the reasons set forth below, the Court hereby GRANTS Officers Tamez and Bowers' motion to dismiss as to Officer Bowers, and the Court DENIES Officer Tamez and Bowers' motion to dismiss as to Officer Tamez.  Plaintiff Tracy Kopecki's claims against Officer Bowers for Texas state law intentional infliction of emotional distress, Texas state law assault and battery, and claims under 42 U.S.C. § 1983 ("Section 1983) for excessive force and unlawful search and seizure are hereby DISMISSED as time-barred.  Plaintiff's above-referenced claims against Officer Tamez remain pending.[1]

### I.  Jurisdiction

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343(3).  This Court has supplemental

---

[1] Both Officers Tamez and Bowers are only sued in their individual capacities.  (D.E. 22, p. 4 n. 3).

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II.  **Factual Background**

In her First Amended Original Petition ("Amended Petition"), Plaintiff claims that on September 8, 2004, Plaintiff attempted to stop an argument between two tenants in the Villa del Sol apartment complex. (Amended Petition, ¶ 13).[2] Plaintiff says that a security guard, Matthew Decker, called the police regarding the argument, and Plaintiff and the two tenants who were arguing (Aaron Ackerman and his girlfriend) went inside an apartment at the complex until the police arrived. (Id.). Once the police arrived, Mr. Ackerman crawled out the window to speak with the police, and the police determined that there was a warrant out for Mr. Ackerman's arrest on an unpaid parking ticket.[3] (Id.). Plaintiff alleges that the officers then began "verbally attacking" Mr. Ackerman's girlfriend and Plaintiff. (Id.). Plaintiff alleges that the police proceeded to arrest her, and in the process they

---

[2] Plaintiff's relationship to the Villa del Sol is not entirely clear, in her Amended Petition, Plaintiff states that she "ran" the complex. (Id.).

[3] It is unclear why Mr. Ackerman was unable to use the door of the apartment. Plaintiff's Amended Petition only states that Mr. Ackerman "explained to the police that he was unable to open the door and that he would have to crawl out the window." (Id.). However, at the initial pretrial and scheduling conference before this Court on January 8, 2007, counsel for Officers Tamez and Bowers stated that Mr. Ackerman had to exit through the window because Plaintiff was blocking his exit through the door.

"thr[ew] [Plaintiff] against the wall", "thr[ew] [Plaintiff] to the ground," and "hog tied" Plaintiff. (Id.). Plaintiff claims that the police treated her in such a manner "without any provocation." (Id.). Plaintiff alleges that this treatment by police caused her glasses to break, caused "bleeding of the brain", and caused Plaintiff to sustain numerous bruises, a head injury, and an injury to her pelvic region. (Id.).

Plaintiff and Mr. Ackerman spent the night in jail, and they were released on September 9, 2004. (Id.). Plaintiff alleges that she was later informed by correspondence that she was being charged with resisting arrest, unlawful restraint, and failure to identify. (Id. at ¶ 14). Per Plaintiff's representation at the initial pretrial and scheduling conference before this Court on January 8, 2007, these charges against Plaintiff were later dropped, without a hearing, as of October 1, 2004. (D.E. 22, ¶ 4).

### III. **Procedural Background**

Plaintiff filed her Original Petition on September 5, 2006, in state court. (D.E. 1, Notice of Removal, Exh. A and B (State Court Docket Sheet and Original Petition)). In her Original Petition, Plaintiff named the following as Defendants: Nueces County, Nueces County Sheriff's Department, Sheriff Rebecca L. Stuffs, Deputy R. Tamez, Lieutenant E. Roland, Matthew Decker, Employee of Crowne Solutions, LLC, and Villa Del Sol. (Original Petition). The only entities that were served were Nueces County,

Nueces County Sheriff's Department, and Sheriff Rebecca L. Stutts. (State Court Docket Sheet). However, it appears that Plaintiff meant to sue the City of Corpus Christi and various Corpus Christi Police Department Officers, although she in fact sued Nueces County, the Nueces County Sheriff's Department, and the Nueces County Sheriff.[4]

Plaintiff has since amended her Petition and no longer asserts claims against Nueces County, the Nueces County Sheriff's Department and the Nueces County Sheriff. (Amended Petition). Plaintiff filed her Amended Petition on October 17, 2006. (State Court Docket Sheet). In her Amended Petition, Plaintiff named the following as Defendants: The City of Corpus Christi, Corpus Christi Police Department, Chief of Police Bryan Smith, City Mayor Henry Garrett, Officers Tamez, Bowers and Roland, Matthew Decker, Crowne Solutions, LLC and Villa del Sol.[5] (Amended Petition).

On November 20, 2006, Officers Tamez and Bowers, along with Mayor Henry Garrett and Police Chief Bryan Smith, removed the case to this Court on federal question jurisdiction grounds. (Notice of

---

[4]At the initial pretrial and scheduling conference before this Court on January 8, 2007, Plaintiff's counsel indicated that she meant to sue the City of Corpus Christi and related entities, but due to an oversight she mistakenly sued the County, the County Sheriff's Department, and the County Sheriff.

[5]Police Chief Brian Smith, City Mayor Henry Garrett, the Corpus Christi Police Department, Officer Roland, Crowne Solutions, LLC and Villa del Sol have been dismissed from this lawsuit. (D.E. 22). The City of Corpus Christi and Matthew Decker have never been served.

Removal, ¶¶ 2-3).

On December 18, 2006, Defendants Tamez and Bowers moved to dismiss the following claims on statute of limitations grounds: (1) Plaintiff's Section 1983 claim for excessive force; (2) Plaintiff's Section 1983 claim for unlawful search and seizure; (3) Plaintiff's Texas state law claim for assault and battery; and (4) Plaintiff's Texas state law claim for intentional infliction of emotional distress.  (D.E. 8).  Plaintiff's response to Officers Tamez and Bowers' motion was due on January 8, 2007 (L.R. 7.3; D.E. 22). However, Plaintiff never filed any response.[6]

**IV. Discussion**

    **A.   Motions to Dismiss**[7]

"Motions to dismiss are viewed with disfavor and are rarely

---

[6] Local Rule 7.4 states that "[f]ailure to respond will be taken as a representation of no opposition."  (L.R. 7.4).

[7] The Court notes that Officers Tamez and Bowers' motion is framed as a "motion to dismiss, and alternatively, motion for partial summary judgment." (D.E. 8).  The Court notes that Officers Tamez and Bowers have not attached any new evidence to their motion, rather, they attach only the state court docket sheet (which is included with the removal papers) and another opinion of this Court in another case. Accordingly, since Officers Tamez and Bowers have not attached new evidence to their motion, and Plaintiff has not responded to their motion, this Court will treat Officers Tamez and Bowers' motion as a motion to dismiss, rather than a motion for partial summary judgment. Further, the Court also treats the instant motion as a motion to dismiss because the statute of limitations issues can be addressed based solely on Plaintiff's Original and Amended Petitions, as well as the evidence already in the record as a part of the Notice of Removal.  There is no need for summary judgment evidence to address the statute of limitations issues raised in Officers Tamez and Bowers' motion.

granted." Test Masters Educ. Services, Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005); Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999). The Court must also draw all reasonable inferences from those facts in the plaintiff's favor. See Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004). In determining whether to grant a motion to dismiss, the court must not go outside the pleadings. See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004). Dismissal is proper only where, viewing the facts in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995); see also Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003); Lowrey, 117 F.3d at 247 (stating that "[t]he question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief").

  **B.** **Two Year Statutes of Limitations for All Claims in Officers Tamez and Bowers' Motion**

As set forth below, the applicable statute of limitations

period for Plaintiff's Section 1983 claims for excessive force and unlawful search and seizure, as well as Plaintiff's state law claims for assault and battery and intentional infliction of emotional distress, is <u>two years</u> from the date of accrual of the claim.

        **1.**    <u>**Section 1983 Claims for Excessive Force and Unlawful Search and Seizure**</u>

"Because Congress has not provided a statute of limitations for civil rights actions under § 1983, federal courts borrow the general personal injury limitations period of the forum state." <u>Owens</u>, 488 U.S. at 249-50; <u>see</u> <u>also</u> <u>Price v. City of San Antonio, Tex.</u>, 431 F.3d 890, 892, 894 (5th Cir. 2005) ("The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."); <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.... Since Texas has a two year statute of limitations for personal injury claims, ... [Plaintiff] had two years to file suit from the date her claim accrued.") (internal citations omitted); <u>White v. Cole</u>, 880 S.W.2d 292, 295 (Tex. App--Beaumont 1994) ("There is no Federal Statute of Limitation for a § 1983 civil rights action, hence Texas Statutes of Limitation are utilized.").

Texas' general personal injury statute of limitations is two years from the date of accrual of the claim. See Tex. Civ. Prac. & Rem. Code § 16.003(a). Accordingly, the statute of limitations for Plaintiff's Section 1983 claims for excessive force and unlawful search and seizure is two years from the date of accrual. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Tex. Civ. Prac. & Rem. Code § 16.003(a).

### 2. Intentional Infliction of Emotional Distress

The statute of limitations for Texas state law intentional infliction of emotional distress is two years from the date of accrual. See Tex. Civ. Prac. & Rem. Code § 16.003(a); Gray v. Sears, Roebuck & Co., Inc., 131 F.Supp.2d 895, 901 (S.D. Tex. 2001).

### 3. Assault and Battery

The statute of limitations for Texas state law assault and battery is two years from the date of accrual of the claim, pursuant to the personal injury statute of limitations set forth in Tex. Civ. Prac. & Rem. Code § 16.003(a). See Lopez v. Unknown Galveston Police Officer # 1, 2006 WL 3702895, *4 (S.D. Tex. 2006); see also Porter v. Charter Med. Corp., 957 F.Supp. 1427, 1433 (N.D. Tex. 1997) ("state law claims of assault [and] battery ... are governed by the two-year statute of limitations for intentional torts"); Crittendon v. Am. Nat. Ins. Co., 967 F.Supp. 933, 937 (S.D. Tex. 2001).

**C.   Accrual of Plaintiff's Claims**

Plaintiff's Section 1983 claims for excessive force and unlawful search and seizure, as well as Plaintiff's Texas state law claims for assault and battery and intentional infliction of emotional distress, <u>accrued on September 8, 2004</u>, the date of Plaintiff's arrest and alleged mistreatment by the police. Accordingly, the statute of limitations on these claims expired as of September 8, 2006, two years after the accrual of the claims. <u>See</u> Tex. Civ. Prac. & Rem. Code § 16.003(a).

    **1.   Accrual of Section 1983 Claims on September 8, 2004**

"[A] cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Price</u>, 431 F.3d at 892; <u>see</u> <u>also</u> <u>Jackson v. Johnson</u>, 950 F.2d 263, 265 (5th Cir. 1992).

Plaintiff's Section 1983 claim for excessive force accrued on September 8, 2004, the date of her arrest. The excessive force took place on that night, Plaintiff knew it took place, and as of September 8, 2004, when Plaintiff was allegedly "hog tied", "thrown against the wall" and "thrown to the ground", Plaintiff knew, or had reason to know, of the injury which is the basis of her excessive force claim. <u>See</u> <u>Price</u>, 431 F.3d at 892; Amended Petition, ¶ 13.

The same holds true for Plaintiff's Section 1983 claim for unlawful search and seizure, which also accrued on the night of her

arrest, September 8, 2004.  The alleged unlawful "search" and "seizure" of Plaintiff's person took place on September 8, 2004, when the police arrested Plaintiff.  Again, a Section 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  <u>Price</u>, 431 F.3d at 892.  Plaintiff knew, or at the very least should have known, of any injury resulting from Defendants' alleged unlawful search and seizure as of September 8, 2004, when the events took place.  Accordingly, Plaintiff's Section 1983 unlawful search and seizure claim accrued on that date.[8]

---

[8]The Court notes that since Plaintiff did not file a response to Officers Tamez and Bowers' motion, the Court cannot address Plaintiff's arguments regarding the statute of limitations issue.  However, the Court notes that at the initial pretrial and scheduling conference before this Court on January 8, 2006, Plaintiff's counsel argued that her claims did not accrue until mid-2005, because it was not until that time that she found a doctor who told her the extent of the injuries she sustained during her arrest.  Plaintiff's argument is unpersuasive and contrary to the law.  <u>See</u> <u>Price</u>, 431 F.3d at 892.  A claim does not accrue only when the Plaintiff later learns of the severity of his or her injury, or when the Plaintiff comes into contact with a doctor that informs the Plaintiff that the injury is more severe than originally contemplated.  <u>See</u> <u>id.</u>  The law is clear that the claim accrues when the Plaintiff "has reason to know" of the injury that forms the basis of her claim.  <u>Id.</u>  In this case, Plaintiff clearly had reason to know of the injury that forms the basis her Section 1983 excessive force and unlawful search and seizure claims <u>on the night of the arrest, September 8, 2004</u>.  She claims she was thrown against the wall and the floor and hog tied, and that she sustained numerous bruises as a result of her treatment by police.  She knew of the injury when this occurred, and her claims accrued on that day, not when she finally found a doctor who informed her that her injuries were more serious than previously thought.  Her doctor's later diagnosis of a more severe head injury goes to the issue of damages, not to the issue of the statute of limitations.

### 2. Accrual of State Law Claims on September 8, 2004

Plaintiff's state law claims for assault and battery and intentional infliction of emotional distress also accrued on September 8, 2004, which means the limitation period for those claims expired on September 8, 2006.

With regard to Plaintiff's assault and battery claim, "a cause of action [for assault or battery] accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred". Brandon v. Southwest Airlines Co., 2006 WL 2481930, *2 (Tex. App.--San Antonio 2006); see also Jones v. Pillow, 2004 WL 2583614, *6 (N.D. Tex. 2004) ("A cause of action generally accrues when a wrongful act causes a legal injury, regardless of when the plaintiff discovers the injury or if all resulting damages have not yet occurred").  On September 8, 2004, the police allegedly beat Plaintiff during her arrest and caused the legal injuries she complains of in her pleadings.  Accordingly, Plaintiff's cause of action for assault and battery accrued on the date of her arrest, September 8, 2004.

With regard to Plaintiff's claim for intentional infliction of emotional distress, Plaintiff's cause of action accrued "when the wrongful act effects an injury." Georgen-Saad v. Texas Mut. Ins. Co., 195 F.Supp.2d 853, 860 (W.D. Tex. 2002).  This occurred on the night of Plaintiff's arrest, when the wrongful act -- the alleged

beating and mistreatment by the police -- caused the Plaintiff various injuries which she complains of in her pleadings. Accordingly, Plaintiff's intentional infliction of emotional distress claim accrued on September 8, 2004.[9]

### D. **<u>Statute of Limitations Relation-Back Issues</u>**

Plaintiff filed her Original Petition in state court on September 5, 2006, within the limitations period for the four claims at issue in Officers Tamez and Bowers' Motion. However, in her Original Petition, Plaintiff sued Officer R. Tamez as "Deputy R. Tamez," and she did not name Officer Bowers in any capacity.[10] It was not until October 17, 2006 that Plaintiff filed her Amended Petition, suing "Officer R. Tamez" and for the first time naming Officer Bowers as a Defendant. Officers Tamez and Bowers claim that they were not sued until after the limitations period had run,

---

[9] Again, the Court notes Plaintiff's counsel's argument at the initial pretrial and scheduling conference, alleging that Plaintiff's claims did not accrue until mid-2005, when Plaintiff saw a doctor that informed her of her serious injur(ies). Again, this argument is not persuasive. Plaintiff's Texas state law claims accrued when the wrongful act caused the Plaintiff to be injured. See Georgen-Saad, 195 F.Supp.2d at 860. It is irrelevant when Plaintiff discovered that her injuries were more serious than she previously considered them to be. What is relevant is when the wrongful act that caused the injury took place, even if Plaintiff later discovered more information regarding the injuries she suffered as a result of the wrongful act. See id.; see also Jones v. Pillow, 2004 WL 2583614 at *6. Based on the law and the facts of this case, Plaintiff's state law claims unequivocally accrued on September 8, 2004.

[10] In Plaintiff's Original Petition, the only law enforcement personnel named in the suit are Deputy R. Tamez and Lieutenant E. Roland.

which would time-bar Plaintiff's above-referenced claims.

### 1. **Texas State Law Applies to "Relation-Back" Issue**

Because Plaintiff amended her Original Petition while the case was still pending in state court, Texas state law applies to the issue of whether Plaintiff's Amended Petition "relates back" to her Original Petition for statute of limitations purposes. See <u>Vela v. T-Mobile, USA, Inc.</u>, 2005 WL 1404161, *2 (W.D. Tex. 2005) ("When a federal court determines whether an amended petition relates back to an original petition and the amendment took place prior to removal, state law controls."); <u>McConnell v. Thomson Newspapers, Inc.</u>, 802 F.Supp. 1484, 1496-98 (E.D. Tex. 2002) (examining the issue in detail and determining that state relation-back law applies when the pleading is amended while the case is pending in state court); <u>Mont Belvieu Square, Ltd. v. City of Mont Belvieu</u>, 27 F.Supp.2d 935, 939 n. 1 (S.D. Tex. 1998) (recognizing that the relation-back defense to a plea of limitations was governed by state law, because the plaintiff amended its petition while the case was still pending in state court); <u>Pac. Employers Ins. Co. v. Sav-a-Lot of Winchester</u>, 291 F.3d 392, 400 (6th Cir. 2002) (state relation-back doctrine controlled in a removed case where amendments to the complaint took place in state court); <u>Anderson v. Allstate Ins. Co.</u>, 630 F.2d 677, 682 (9th Cir. 1980) (state procedures held applicable "because the relevant amendments and service of process preceded removal to federal court"); <u>see also</u>

Boone v. Union Carbide Corp., 205 F.Supp.2d 689, 695 n. 6 (S.D. Tex. 2002); Burt v. City of New Boston, Tex., 2006 WL 722102, *4 (E.D. Tex. 2006).[11]

### 2.  **_Texas "Relation-Back" Doctrine_**

Texas Civil Practice and Remedies Code § 16.068 states as follows:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code § 16.068.

Whether an amended petition relates back to an original petition is a two-pronged inquiry. See Shivers v. Texaco Exploration and Prod., Inc., 965 S.W.2d 727, 736 (Tex. App.--Texarkana 1998). First, "the original cause of action asserted in the first pleading must not have been time-barred when filed, and second, the amended pleading which changes the facts or grounds of liability or defense must not be based on a new, distinct or different transaction or occurrence." Cook v. Maxam Tool & Supply, Inc., 854 S.W.2d 136, 141 (Tex. App.--Houston [14th Dist.] 1993) (internal citations omitted); see also Pineda v. PMI

---

[11] Where the plaintiff amends his or her petition after it has been removed to federal court, Federal Rule of Civil Procedure 15(c) governs the "relation-back" analysis. McConnell, 802 F.Supp. at 1498.

Mortgage Ins. Co., 843 S.W.2d 660, 667-68 (Tex. App.--Corpus Christi 1992) (internal citations omitted).

### 3.   **Plaintiff Cannot Add a New Defendant After the Statute of Limitations Has Run**

Under Texas law, an amended petition does not "relate-back" to an earlier petition as to a new defendant that was not named in the petition that was filed before the limitations period expired. See Cothrum Drilling Co. v. Partee, 790 S.W.2d 796, 800 (Tex. App.--Eastland 1990) ("[Section] 16.068] does not authorize the addition of new defendants after the claims against them have been barred by limitation."); Alexander v. Turtur & Assoc., Inc., 146 S.W.3d 113, 121 (Tex. 2004) ("an amended pleading adding a new party does not relate back to the original pleading"); Ramos v. Levingston, 536 S.W.2d 273, 275 (Tex. Civ. App. 1976) ("the general rule is that where a party defendant is added to a suit by amended pleading, the statute of limitations is tolled as to him at the time he is brought into the suit, not when the original pleading was filed.").

### 4.   **Plaintiff's Four Claims at Issue in This Motion Are Time-Barred as to Officer Bowers**

Plaintiff's claims for Section 1983 excessive force, Section 1983 unlawful search and seizure, Texas assault and battery, and Texas intentional infliction of emotional distress are unequivocally time-barred as to Officer Bowers.

Officer Bowers was not named in any capacity in Plaintiff's

Original Petition, and Officer Bowers was not put on notice in any way that Plaintiff intended to name him in her lawsuit.  Plaintiff only attempted to add Officer Bowers as an entirely new Defendant in her Amended Petition, filed on October 17, 2006.  This date was well after the statute of limitations had run for the above-referenced claims, on September 8, 2006.  Under Texas law, an amended petition adding a new defendant does not relate back to the original petition for statue of limitations purposes.  See Alexander, 146 S.W.3d at 121.  Because Plaintiff first sued Officer Bowers after the limitations period had already expired, this Court must dismiss as time-barred Plaintiff's Section 1983 claims against Officer Bowers for excessive force and unlawful search and seizure, as well as Plaintiff's state law claims against Officer Bowers for assault and battery and intentional infliction of emotional distress.

     5.    **Officer Tamez Was Sued By Plaintiff Within the Limitations Period**

While Plaintiff used the incorrect title for Officer Tamez, she still sued him on September 5, 2006 as R. Tamez, which is his proper name.  As set forth above, the limitations period for the claims at issue in the instant motion –- Plaintiff's Section 1983 claims for excessive force and unlawful search and seizure, as well as Plaintiff's state law claims for assault and battery and intentional infliction of emotional distress –- expired as of

September 8, 2006.  Although Plaintiff used the title "Deputy" instead of the title "Officer," Plaintiff sued Officer Tamez, by his proper name R. Tamez, within the limitations period for the claims at issue in the instant motion.[12]  Accordingly, this Court must deny the instant motion as to Officer Tamez, and Plaintiff's Section 1983 claims for excessive force and unlawful search and seizure, as well as Plaintiff's state law claims for assault and battery and intentional infliction of emotional distress, remain pending against Officer Tamez.

## V.  Conclusion

For the reasons set forth above, the Court GRANTS Officer

---

[12]The Court notes that there is a "misnomer" doctrine in Texas, which "occurs when the plaintiff misnames the correct defendant, but the correct defendant has been served." Biscamp v. Entergy Gulf States, Inc., 202 S.W.3d 413, 415 (Tex. App.--Beaumont 2006); see also Price v. Estate of Anderson, 522 S.W.2d 690, 691 (Tex. 1972).  In the case of a misnomer, limitations are tolled and an amended petition correcting the mistake relates back to the date of the original petition. See id.; see also Rios v. Northwestern Steel and Wire Co., 974 S.W.2d 932, 934 (Tex. App.--Houston [14th Dist.] 1998).  However, for the misnomer rule to apply, the actual correct defendant must have been served before the expiration of the limitations period. See Biscamp, 202 S.W.3d at 416.  In this case, the misnomer doctrine does not apply to Officer Tamez.  First, the doctrine does not apply because Officer Tamez was sued under his correct name, R. Tamez, in Plaintiff's Original Petition.  Officer Tamez was not "misnamed," rather, Plaintiff used an incorrect title to identify Officer Tamez.  Further, even assuming, *arguendo*, that Officer Tamez was misnamed, Officer Tamez was only served with Plaintiff's Amended Petition on October 25, 2006, which was after the statute of limitations had run on the claims that are at issue in the instant motion.  (State Court Docket Sheet).  Accordingly, the misnomer doctrine does not apply to Officer Tamez.  See Biscamp, 202 S.W.3d at 416.

Tamez and Bowers' motion to dismiss as to Officer Bowers, and the Court DENIES Officer Tamez and Bowers' motion to dismiss as to Officer Tamez.  (D.E. 8).  Plaintiff's Section 1983 claims for excessive force and unlawful search and seizure, as well as Plaintiff's state law claims for assault and battery and intentional infliction of emotional distress, are hereby DISMISSED as to Officer Bowers and remain pending against Officer Tamez.

SIGNED and ENTERED this 30th day of January, 2007.

_____
Janis Graham Jack
United States District Judge